■ In the Matter of the Arbitration between KAYFIELD CONSTRUCTION CORPORATION et al., Appellants, and BROMPTON SERVICE CORP., Respondent. — Order of the Supreme Court, New York County (Shorter, J.), entered August 7, 1981, denying petitioners' application to stay arbitration is modified, without costs, on the law, to the extent that arbitration is stayed as to Fidelity and Deposit Company of Maryland, which did not agree to arbitrate, and otherwise affirmed. The fact that Kayfield Construction Corporation may have certain claims against the City of New York does not preclude arbitration between Kayfield and Brompton Service Corporation notwithstanding the fact that the contract contains a provision stating that "[a]ny disputes to which City is a party will not be arbitrated but resolved by their procedures". A party may not defeat a valid arbitration clause by introducing a third party which is not a party to the contract and has only a tangential connection to the issues to be arbitrated. Concur — Sandler, J. P., Carro, Lupiano, Bloom and Milonas, JJ.

■ DEMERAH MENTZEL, Individually and on Behalf of Herself and in the Right of Specially For You Fashions, Inc., Respondent, v SPECIALLY FOR YOU FASHIONS, INC., et al., Defendants, and GASSMAN & GASSMAN, Appellant. — Order of the Supreme Court, New York County (Pecora, J.), entered January 16, 1981, which denied defendants' motion to dismiss the complaint and granted plaintiff's cross motion to the extent that defendants were directed to supply plaintiff with legible copies of documents submitted pursuant to an earlier order and, if illegible, to permit plaintiff to photocopy the originals, is affirmed, without costs and with leave to defendants to renew the motion pursuant to CPLR 3216 if such discovery is not completed within 90 days after service of a copy of this court's order. Concur — Ross, J. P., Bloom, Fein and Milonas, JJ.

■ PHILIP HIRSCH, Respondent, v LINDOR REALTY CORP., Appellant. — Judgment of the Supreme Court, New York County (Pecora, J.), entered May 8, 1981, which declared plaintiff to be the sole and true owner of a consolidated mortgage described therein and possessed of all right, title and interest of defendant corporation, which was held to have no right, title or interest in same, is reversed, with costs, on the law and the facts and judgment is directed to be entered in favor of defendant on condition that within 30 days after entry thereof, defendant tender to plaintiff the amount of $55,492.28. Despite the dates for payment contained in the option agreement, the parties, as was the practice in the previous dealings between them, chose by their actions to waive the established time periods. Only as to the final payment was time considered to be of the essence, and, in this instance, there was a timely tender of payment. Under these circumstances, and where there has been no showing by plaintiff of a change in his position, equity may appropriately intervene to prevent a forfeiture. Concur — Ross, J. P., Bloom, Fein and Milonas, JJ.